IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

JACK STREICHER and HELENE )
STREICHER, )
 )
 Plaintiffs, )
 ) CASE NO. CV419-01
v. )
 )
SAM'S EAST, INC. d/b/a SAM'S )
CLUB, )
 )
 Defendant. )
_____)

# O R D E R

Before the Court is Plaintiffs' Motion to Remand to State Court. (Doc. 4.) For the following reasons, the Court concludes that Defendant's removal was timely under 28 U.S.C. § 1446(b)(3). Accordingly, Plaintiffs' Motion to Remand to State Court is **DENIED**.

**BACKGROUND**

This case stems from a slip and fall that Plaintiff Jack Streicher suffered at a Sam's Club in Savannah, Georgia. (Doc. 1, Ex. 3 at 7.) Plaintiffs claim that on October 22, 2017, while Plaintiff Jack Streicher was a customer-member at Sam's Club, he slipped and fell due to a hazardous condition then existing upon Defendant's premises. (Id.) Plaintiffs filed this action in the State Court of Chatham County on August 15, 2018. (Id.) In the

complaint, Plaintiff Jack Streicher brought claims for premises liability and his injuries and Plaintiff Helene Streicher brought a claim for loss of consortium. (Id. at 8-10.) The Complaint seeks special and general damages in an unspecified amount. (Id. at 9-10.)

On January 2, 2019, Defendant removed the case to this Court on the basis of diversity of citizenship. (Doc. 1.) Plaintiffs now seek to have this case remanded on the grounds that Defendant did not timely file its notice of removal. (Doc. 4.) Plaintiffs argue that the case became removable when they responded to Defendant's Requests for Admission regarding the amount in controversy on September 20, 2018 because Plaintiffs specifically denied the following three requests:

> 1. Plaintiff will not seek, recover, or collect from Defendant Sam's East, Inc. or from any Sam's entity a sum in excess of $75,000;
> 2. Any portion of a verdict against Defendant that exceeds $75,000 will be written down by the Court so that the Judgment shall not exceed the sum of $75,000;
> 3. Neither Sam's East, Inc. nor any other Sam's entity in this action shall be ordered, adjudged or called upon to pay Plaintiffs a sum in excess of $75,000.

(Doc. 4 at 2.) Plaintiffs argue that, because the case was removable as of September 20, 2018, Defendant's January 2,

2

2019 notice of removal was untimely and that, accordingly, this case must be remanded to state court. (Id.) Defendant meanwhile contends that the case did not become removable until Plaintiffs' counsel transmitted a demand to Defendant's counsel to settle the case for $150,000.00 on December 14, 2018. (Doc. 9 at 6.) Defendant argues that Plaintiffs' "denials do not act as admissions that the amount in controversy exceeds $75,000, but rather show that the factual matter remain[ed] disputed" and, therefore, its notice of removal was timely filed. (Id.)

**ANALYSIS**

I. Standard of Review

Federal courts are courts of limited jurisdiction and may only hear cases which they have been authorized to hear by the Constitution or Congress. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). For a case originally filed in state court, a defendant may remove the matter to federal court only if the federal court has jurisdiction. 28 U.S.C. § 1441(a). "While a defendant does have a right, given by statute, to remove in certain situations, plaintiff is still master of his own claim." See Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994). Consistent with this traditional concept, a defendant seeking removal bears

3

the burden of proving the existence of federal jurisdiction. See, e.g., Diaz v. Sheppard, 85 F.3d 1502, 1505 (11th Cir. 1996).

When a defendant seeks removal on the basis of diversity jurisdiction, he must demonstrate that the parties are diverse and that the amount in controversy exceeds $75,000, exclusive of fees and costs. See 28 U.S.C. § 1332(a); 28 U.S.C. § 1441(a). In a typical case where a plaintiff claims no specific amount of damages in her state court complaint, "a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the [$75,000] jurisdictional requirement." Burns, 31 F.3d at 1094. Additionally, the defendant must file the notice of removal "within 30 days after the receipt by the defendant . . . of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b). However, if the case cannot be determined to be removable on the face of the initial complaint, then "a notice of removal may be filed within 30 days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

II. Timeliness of Defendant's Notice of Removal

Where the removability of a case is not apparent from the complaint, a defendant has thirty days from its receipt "of a copy of an amended pleading, motion, order or **other paper** from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b) (emphasis added); see Lowery v. Alabama Power Co., 483 F.3d 1184, 1213 n.63 (11th Cir. 2007). The Eleventh Circuit has noted that "[c]ourts have not articulated a single test for identifying 'other paper.'" Id. at 1212 n.62. However, courts have identified various types of documents that fall under the "other paper" category including admissions in response to requests for admissions, settlement offers, interrogatory responses, deposition testimony, demand letters, and emails estimating damages. Id. In evaluating the propriety of removal under § 1446(b), "the court considers the document received by the defendant from the plaintiff—be it the initial complaint or a later received paper—and determines whether that document and the notice of removal unambiguously establish federal jurisdiction." Lowery, 483 F.3d at 1213. "[T]he documents received by the defendant must contain an unambiguous statement that clearly establishes federal jurisdiction." Id. at 1215, n.63.

5

In this case, Plaintiffs did not specify the amount of damages being sought in their complaint. (Doc. 1, Ex. 3 at 9-10.) Therefore, Defendant, as the removing party, bore the burden to prove by a preponderance of evidence that the amount in controversy more likely than not exceeded the jurisdictional requirement of $75,000. Lowery, 483 F.3d at 1207. The question in this case is whether Plaintiffs' denials in its response to Defendant's request for admissions "unambiguously" established that there was federal jurisdiction so as to make the case removable as of September 20, 2018.

Courts in the Eleventh Circuit are split on whether a plaintiff's denial of a defendant's requests for admissions is sufficient to establish jurisdiction or to otherwise put the defendant on notice of the amount in controversy. Some courts find that a defendant is first able to ascertain the amount in controversy after the plaintiff denies that its damages does not exceed the jurisdictional limit. See Williams v. Wal-Mart Stores, Inc., 534 F. Supp. 2d 1239, 1244 (M.D. Ala. 2008) (finding that a defendant did not learn that the amount in controversy was greater than $75,000 until it received plaintiff's response to its requests for admissions in which the plaintiff denied that the amount in controversy did not exceed $75,000); Swicord

6

v. Wal-Mart Stores, Inc., No. 5:09-CV-148 HL, 2009 WL 3063432, at *3 (M.D. Ga. Sept. 22, 2009) (concluding that removal was not timely as defendants could ascertain that the case was removable after they received the plaintiff's responses to the requests for admission). However, other courts find that a general denial in response to a defendant's request for admissions is insufficient to carry the defendant's burden to establish that the amount in controversy exceeds the jurisdictional requirement. See Harmon v. Wal-Mart Stores, Inc., No. 3:08-CV-309-MEF, 2009 WL 707403, at *3 (M.D. Ala. Mar. 16, 2009) (finding that a plaintiff's denial in response to the defendant's request for admissions does not support jurisdiction as the denial indicates that the amount in controversy is in controversy itself); Amison v. Nationwide Mut. Ins. Co., Inc., No. 2:15-CV-01261-RDP, 2015 WL 5935170, at *3 (N.D. Ala. Oct. 13, 2015) ("[T]his court has previously decided that a mere denial to a request for admission does not suffice to demonstrate the jurisdictional minimum exists for removal."); Ortiz v. Circle K Stores, Inc., No. 8:15-CV-1441-T-27TBM, 2015 WL 12861165, at *1 (M.D. Fla. Nov. 4, 2015) (finding that, while an admission in response to a request for admission is sufficient evidence to support removal, "a denial of a request for admission only

7

establishes that the matter is in dispute"); Dunlap v. Cockrell, 336 F. Supp. 3d 1364, 1367 (S.D. Ala. 2018) (collecting cases that found a plaintiff's mere denial of requests for admission as to the amount in controversy was insufficient evidence to support removal jurisdiction on a diversity theory).

This Court finds that Plaintiffs' denials in response to Defendant's requests for admissions were not "unambiguous" statements that provided Defendant with knowledge that the amount in controversy was in excess of $75,000. The United States Court of Appeals for the Eleventh Circuit has found that a plaintiff's refusal to stipulate that her claims do not exceed $75,000 is not sufficient to satisfy the defendant's burden of proof in removal. Williams v. Best Buy Co., 269 F.3d 1316, 1320 (11th Cir. 2001). In Best Buy Co., the defendant's notice of removal stated that counsel for the plaintiff and plaintiff refused to stipulate that the plaintiff's claims did not exceed $75,000. Id. at 1318. The Eleventh Circuit found that there are "several reasons why a plaintiff would not so stipulate" and that a refusal to stipulate, standing alone, does not satisfy a defendant's burden to establish the amount in controversy. Id. at 1320. This Court finds the same reasoning applies here to Plaintiffs' general

denial that they do not "seek, recover, or collect from Defendant . . . a sum in excess of $75,000," that a verdict against Defendant in excess of $75,000 "will be written down by the Court so that the Judgment shall not exceed the sum of $75,000," and that Defendant will not be ordered to pay Plaintiffs a sum in excess of $75,000. These requests for admission are clearly aimed at establishing the amount in controversy and are akin to asking Plaintiffs to stipulate that the amount in controversy exceeds $75,000. Best Buy Co. provides that a plaintiff's refusal to stipulate does not satisfy the defendant's burden to establish the amount in controversy. 269 F.3d at 1320. Other courts have also found this reasoning persuasive. See Eyler v. The Kroger Co., No. 1:14-CV-3601-ELR, 2015 WL 11622468, at *2 (N.D. Ga. Jan. 14, 2015) (finding the plaintiff's discovery responses were insufficient to establish jurisdiction where plaintiff denied the defendant's requests for admission aimed at the amount in controversy); Chase v. Hess Retail Operations LLC, No. 8:15-CV-1712-T-33JSS, 2015 WL 5356185, at *2 (M.D. Fla. Sept. 14, 2015) (citing Best Buy Co. in finding plaintiff's denial "that her 'damages and expenses currently sought . . . do not exceed $75,000.00,'" is too speculative to warrant removal); Williamson v. Home Depot USA, Inc., No.

9

07-61643-CIV-COOKE, 2008 WL 2262044, at *2 (S.D. Fla. May 30, 2008) (concluding that plaintiff's denial in his response to defendant's request for admission was a refusal to stipulate to the damages and that, under Best Buy Co., a plaintiff's refusal to stipulate to damages is insufficient to satisfy defendant's burden); Dunlap, 336 F. Supp. 3d at 1366-67 (finding that the plaintiff's denials of the requests for admissions "is the functional equivalent of a refusal to stipulate to an amount in controversy below $75,000" and does not satisfy defendant's jurisdictional burden).

Accordingly, this Court finds that Defendant's removal was not untimely and does not require remand on that ground. Defendant filed its notice of removal on January 2, 2019, within thirty days of receiving a settlement offer from Plaintiffs on December 14, 2018. (Doc. 1 at 2.) A settlement offer can constitute an "other paper" within the meaning of 28 U.S.C. § 1446(b). Lowery, 483 F.3d at 1213 n. 62; Jackson v. Select Portfolio Servicing, Inc., 651 F. Supp. 2d 1279, 1281 (S.D. Ala. 2009). Evidence of a settlement offer may be considered but is not determinative of the amount in controversy. Burns, 31 F.3d at 1097. With respect to settlement offers, some courts have required defendants to make an additional showing that the offer

10

reflects an honest assessment of the case's value. See Golden v. Dodge-Markham Co., 1 F. Supp. 2d 1360, 1364-65 (M.D. Fla. 1998) (finding jurisdictional amount not met where plaintiff had made settlement offer in excess of $75,000); Jackson, 651 F. Supp. 2d at 1281 (holding that settlement offers that provide specific information to support the plaintiff's claim for damages are entitled to more weight because it suggests the plaintiff is offering a reasonable assessment of his claim).

In this case, the settlement offer was made after litigation commenced and included specifics as to why the amount was warranted. Counsel for Plaintiffs stated in the settlement offer that "[w]e believe this demand is reasonable given Mr. Streicher's medical bills which already exceed $13,000.00 along with the ongoing pain he experiences from his fall." (Doc. 1, Ex. 2 at 1.) Counsel also supported its demanded amount by discussing potential testimony from an individual who witnessed Plaintiff Jack Streicher's fall and stating that the individual will likely "be a favorable witness for us." (Id.) It appears to this Court that the settlement offer was made by Plaintiffs after a reasonable assessment of their claim. As the settlement offer was an "other paper" with an unambiguous statement that provided Defendant with knowledge that the

amount in controversy was in excess of $75,000, Defendant's removal within thirty days after receiving the offer was timely.

## CONCLUSION

For the foregoing reasons, the Court concludes that Defendant's removal was timely under 28 U.S.C. § 1446(b)(3). Accordingly, Plaintiffs' Motion to Remand to State Court is **DENIED**.

SO ORDERED this 4th day of March 2019.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA